UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD A. GUADAGNO,

      Plaintiff,

v.                                        Case No:  6:13-cv-185-Orl-GJK

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

The Plaintiff Ronald Anthony Guadagno (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability benefits.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) state with particularity the weight given to the medical opinion of Dr. Karen Larkey, a psychologist who performed two mental health evaluations of Claimant in 2008 and 2012, and the reasons therefor; (2) pose a hypothetical question to the Vocational Expert (the "VE") that included all of Claimant's limitations; and (3) articulate sufficient reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible.  Doc. No. 18 at 9-17.  For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     ANALYSIS.**

This case presents the commonly reoccurring circumstance where an ALJ's failure to state with particularity the weight given to all of the medical opinions of record, and the reasons therefor, frustrates the Court's ability to conduct substantial evidence review. The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of the medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1] In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*.

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

(citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

On April 7, 2012, Dr. Karen Larkey performed a psychological evaluation of Claimant.  R. 490-92.[2]  Dr. Larkey diagnosed Claimant with Schizoaffective Disorder, Obsessive Compulsive Disorder, and Panic Disorder without agoraphobia, and assigned Claimant a global assessment of functioning score of 46.  R. 491.  Dr. Larkey's evaluation states, in pertinent part, that:

> [C]laimant's profile indicates serious psychiatric disturbance and is often suggestive of a diagnosis of schizophrenia.  This report observed that his thinking remains odd and unrealistic.  His responses remain consistent with a person who is often perplexed and disorientated, with feelings of unreality as well as difficulty concentrating and making decisions.  One might also expect odd and unusual autistic-type behaviors with delusions, hallucinations and bizarre speech which are consistent with his clinical presentation. . . .
>
> There continues also to be some indication of social withdrawal, as well as hyperactivity and emotional lability.  One might expect that [Claimant] would over-react to perceived stressful situations.  Bored, restless and lacking frustration tolerance, [Claimant] will have significant difficulties integrating into a normal social or occupational setting. . . .  He is non-compliant with medication and admits to creating fictional life stories which he ultimately believes as true. . . .

---

[2] Dr. Larkey preformed a prior evaluation of Claimant in 2008 (*see* R. 333-37), but the dispositive issue in this case is the ALJ's handling of Dr. Larkey's 2012 evaluation.

> [Claimant] is sorely in need of social support services. He remains unable to successfully navigate the world without significant support. . . .
>
> [Claimant's] presentation is highly consistent with the diagnosis of schizoaffective disorder and a bipolar subtype. In addition, [Claimant] continues to evidence obsessive-compulsive traits and panic disorder. [Claimant] continues to view the world as an extremely hostile place and his experiences as a youth evidently confirm that view. [Claimant] continues to demonstrate little frustration tolerance and the smallest stressors lead to inappropriate acting out behaviors which prevent him from successfully interacting within a social framework.

R. 491 (emphasis added). Thus, Dr. Larkey opined that Claimant has "significant difficulties integrating into normal social or occupational setting[s]," and that Claimant's lack of frustration tolerance "prevent him from successfully interacting within a social framework." R. 491. Dr. Larkey's 2012 evaluation is clearly a statement reflecting judgments about the nature and severity of Claimant's impairments, including symptoms, diagnosis, and prognosis; what the he can still do despite his or her impairments; and his mental restrictions. Therefore, Dr. Larkey's evaluation constitutes a medical opinion, requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *See Winschel*, 631 F.3d 1176, 1178-79.

In the decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: "attention deficit disorder hyperactivity disorder (inattentive type in partial remission) and bipolar disorder." R. 12. At step-two, the ALJ also found that Claimant has mild limitations in activities of daily living, no limitations in social functioning, and moderate limitations in the ability to maintain concentration, persistence or pace. R. 13. With respect to Claimant's residual functional capacity ("RFC"), the ALJ ultimately found that:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is not fully able to follow

>       detailed instructions and is therefore limited to the performance of
>       only simple, routine tasks.

R. 14.  Thus, the ALJ determined that Claimant's impairments only result in a limitation to simple, routine tasks.  R. 14.

In the decision, the ALJ never mentions Dr. Larkey's evaluation or opinions.  R. 14-17.  Instead, the ALJ states that:

> As for the opinion evidence . . . the [ALJ] has considered the administrative findings of fact made by State agency medical physicians and other consultants.  The opinions are weighed as statements from non-examining expert sources.  Based on the evidence, the [ALJ] concludes the State agency adequately considered the evidence of record and great weight is given to the opinions [of the non-examining physicians].

R. 16.  Thus, the ALJ generally stated she considered the findings of state agency and "other consultants," and gave great weight to the opinions of the non-examining state agency consultants.  R. 16.  The ALJ never stated with particularity what weight, if any, was given to the other opinions, including Dr. Larkey's opinions.  R. 16.

The ALJ committed reversible error in two respects.  First, by failing to state with particularity the weight given to Dr. Larkey's opinions, and the reasons therefor, it is impossible for the Court to determine whether the final decision is supported by substantial evidence.  *See Winschel*, 631 F.3d at 1178-79.  Dr. Larkey's opinions, which found significant difficulties in Claimant's ability to function in social and occupation settings, clearly conflicts with the ALJ's findings of no social limitations, and the ALJ's ultimate RFC.  *Compare* R. 491 *with* R. 13-14.  Without discussing Dr. Larkey's opinion and articulating why the ALJ seemingly rejected it, the Court's ability to conduct substantial evidence review is frustrated.

Second, Dr. Larkey is an examining psychologist, who had the benefit of examining Claimant in 2008 and 2012.  In the Eleventh Circuit, the opinions of examining physicians are

generally entitled to more weight than the opinions of non-examining physicians. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Here, the ALJ here gave great weight to the opinions of the non-examining physicians without even discussing either of Dr. Larkey's evaluations or her opinions.  For these reasons, the Court finds that the ALJ's error is not harmless and the case must be reversed and remanded for further proceedings.[3]

## II.     **CONCLUSION.**

Claimant requests reversal and a remand for an award of benefits or, alternatively, a remand for further proceedings.  Doc. No. 12 at 16-17.  The Court may reverse for an award of benefits only where the evidence establishes disability beyond a doubt or where the claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  The evidence in this case is conflicting and there is no allegation that Claimant has suffered an injustice. *See* R. 253-505 (medical record, including conflicting medical opinions from examining and non-examining physicians and psychologists about what Claimant can still do despite her impairments).   It is for the ALJ, not the Court, to properly weigh and resolve these conflicts in the evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (court may not reweigh the evidence or substitute its opinion for that of the Commissioner).

Based on this record, the Court finds that a remand for further proceedings is appropriate.

For the reasons stated above, it is **ORDERED** that:

---

[3] Due to the ALJ's errors with respect to the opinion evidence, the case must be remanded for further proceedings. On remand, the ALJ will necessarily have to reconsider and weigh all of the evidence, formulate a new RFC and, if necessary, solicit new testimony from a VE.  Accordingly, it is unnecessary to determine whether the ALJ also erred in finding Claimant not credible or by posing a hypothetical question to the VE that did not include all of Claimant's limitations.

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on February 26, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Kathleen A. Smith, Esq.
Riley & Smith, P.A.
P.O. Box 2646
Titusville, FL 32781-2646

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Rossana L. D'Alessio
Administrative Law Judge

c/o Office of Disability Adjudication and Review
Suit 1550 New River Ctr
200 E. Las Olas Blvd
Fort Lauderdale, FL 33301